BIGELOW *v.* THOMPSON.

Mortgages—Equity Jurisdiction—Injunction—Accounting.

Equity has jurisdiction to restrain the grantee in a timber deed intended as a mortgage from cutting the timber, and to ascertain whether the mortgage has been paid; and, an accounting having shown a balance due to complainant, a decree may be entered for its payment.

Appeal from Missaukee; Chittenden, J. Submitted February 20, 1903. (Docket No. 110.) Decided May 29, 1903.

Bill by William G. Bigelow against Henman A. Thompson and others to have a deed declared to be a mortgage, and for an accounting. From a decree for complainant, defendants appeal. Affirmed.

*F. O. Gaffney,* for complainant.

*Smith, Nims, Hoyt & Erwin,* for defendants.

Hooker, C. J. The bill in this cause was filed by the grantor in a quitclaim deed of timber, to have it declared a mortgage and for an accounting, and to enjoin the grantee from cutting the timber. The defendant has appealed from a decree granting the prayer of the bill.

We are urged to reverse this decree upon the ground that the evidence that the deed was intended as security was not clear and convincing. While it is true that the defendant denies complainant's statement of the transaction, we think the circumstances tend to support the complainant's testimony, and that we should not disturb the finding of the circuit judge upon this point. He saw the witnesses, and the evidence may have been very convincing. We are satisfied that it clearly preponderates in complainant's favor.

If it is true that the debt for which the deed was given as security has been paid, a court of equity has jurisdiction to restrain defendant from cutting the timber under a claim based upon it, and to ascertain whether it has been fully paid or not. An accounting is necessary, and, having ascertained that there is a balance due complainant, it is proper to determine the amount and decree its payment.

The result reached by the learned circuit judge is, in our opinion, justified by the testimony, and his decree is affirmed, with costs.

The other Justices concurred.